IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARMONEQUETTE REYNOLDS,

    Petitioner,

vs.                                         No. 3:16-cv-01267-DRH

UNITED STATES OF AMERICA,

    Respondent.

### AMENDED ORDER

**HERNDON, District Judge:**

### INTRODUCTION

This matter is before the Court on petitioner Charmonequette Reynolds' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Under Rule 4(b) of the RULES GOVERNING § 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, a judge receiving a § 2255 motion must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of the petition shows that it must be dismissed.

## BACKGROUND

Petitioner pleaded guilty, with the benefit of a written plea agreement, to a three-count indictment charging her with conspiracy to interfere with interstate commerce by robbery, interference with interstate commerce by robbery, and carry and use of a firearm during a crime of violence. On February 13, 2015, petitioner was sentenced to a term of 68 months' imprisonment. Judgment was entered on February 17, 2015. Petitioner did not file a direct appeal. Accordingly, petitioner's judgment of conviction became final 14 days later, on March 3, 2015, when the time for filing an appeal expired.

## STANDARD OF REVIEW

A petitioner may avail herself of § 2255 relief only if she can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), *citing Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Additionally, errors in the application of the sentencing guidelines

cannot be raised in 2255 motions as long as a defendant's sentence is within the range provided by the statute of offense. *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) (holding that sentencing guideline calculation errors are nonconstitutional and are therefore not reviewable in 2255 proceedings.)

## ANALYSIS

Petitioner contends she is entitled to a "minor role" reduction based on a recent amendment to the advisory federal sentencing guidelines manual. Specifically, defendant relies on Amendment 794 which amended § 3B1.2 of the United States Sentencing Guidelines and took effect on November 1, 2015 (after petitioner's conviction became final). Additionally, defendant relies on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) (applying Amendment 794 retroactively on direct appeal to a defendant who argued at sentencing, prior to the amendment, for the minor role reduction).

The Court sentenced the petitioner in February 2015 - before Amendment 794 became effective on November 1, 2015. The petitioner has not shown (and the Court is not aware of) any controlling authority indicating that Amendment 794 has been made retroactive to cases on *collateral* review. Section 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, rather than direct appeal. Amendment 794 is not listed in § 1B1.10 as retroactively applicable.

Petitioner's reliance on *Quintero-Leyva* does not alter this result. First, *Quintero-Leyva* is not controlling precedent in this circuit. Second, Quintero-Leyva is distinct from defendant's case. In *Quintero-Leyva* the Ninth Circuit concluded Amendment 794 applies retroactively to direct appeals because it "resolved a circuit split and was intended as a clarifying amendment." Quintero-Leyva 823 F.3d at 523. Petitioner did not directly appeal her conviction or sentence. Accordingly, *Quintero-Leyva* is inapplicable.

Petitioner has not shown that her sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Thus, the Court rejects the petitioner's 28 U.S.C. § 2255 petition/motion. Finally, the Court notes that letting petitioner's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the claims are based on an erroneous interpretation of the holding in *Quintero-Leyva* as well as the applicability of Amendment 794. The Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## CONCLUSION

For the aforementioned reasons, petitioner's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED.** The Court **DISMISSES** with prejudice this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 5th day of December, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.12.05 16:23:19 -06'00'

**United States District Judge**